**THE UNIVIS LENS COMPANY, Plaintiff-Appellee, v. KAPLAN et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2006-2010. Decided June 8, 1949.

Smith, Schnacke & Compton, Dayton, for plaintiff-appellee.
Davis, Davis & Handelman, Cleveland, John H. Ober, Dayton, for defendants-appellants.

## OPINION

By THE COURT:

The defendants appeal from judgments of guilt of contempt charges against them and a fine as to each in the sum of $100.00. A restraining order in the original action was issued of date June 10, 1948, modified on June 16th, 1948 and again on July 28th, 1948. The charges against the defendants were that they engaged in picketing the plant and premises of the plaintiff company in association and concert with a large number of pickets greatly in excess of the number of six in disobedience of the modified orders of June 16th and July 28th, 1948.

Five errors are assigned. First, that no proper charges were prepared and presented to defendants and that they were

not given opportunity to adequately prepare a defense of their cases.

The affidavit upon which the citations were issued stated that the defendants had knowledge of the terms of the restraining orders which it was claimed they had violated. The final modified order was made on the 28th of July. The violation of the injunction was stated to have occurred on the 30th of July. The contempt proceedings were heard on August 2nd. Citation was served on each of the defendants on July 31st. All of the defendants were in court and all were represented by counsel when the charges came on to be heard. Upon suggestion of one of counsel for defendants that his presence was required at another hearing, the court granted continuance from the morning session until afternoon. To this action of the court no objection was interposed nor exception noted. No claim was made then or at the afternoon session that the defendants were not ready to proceed with the hearing. A number of witnesses were offered on behalf of the plaintiff and it rested. At the conclusion of plaintiff's case, defendants offered no testimony. Counsel for defendants did not then claim that they were inconvenienced or not prepared to go forward because of the inadequacy of time within which to prepare their defense.

Under the situation thus presented, it does not appear either that no proper charges were prepared and presented to the defendants or that they were denied opportunity to properly prepare their defense. However, if either claim is well made, the error may not be assigned in this court at this time because no proper basis was laid for consideration of such matter in this court. **Sec. 11576-1 GC.** Newport and Cincinnati Bridge Company v. Jutte, 6 O. C. C. (N. S.) 189; **In Re: Bowen, 141 Oh St 602.**

The second assignment is that "The order of the court upon which the contempt charges were made was null and void and of no effect." The original temporary restraining order was issued on June 10th. It recited that the court "refrains from fixing the number of pickets at each entrance of the plant but in case this order be not obeyed, the court will then entertain a motion for modification to fix such number." Bond was fixed in the sum of $1,000.00. On June 16th, on plaintiff's motion, supported by affidavits, that the temporary injunction had been violated, the court directed that the temporary order be modified. The modification carried substantially the terms of the original order but fixed the number of pickets that could be maintained at entrances to the plant of the company. This modified order further

provided that it should modify and supersede the temporary injunction of June 10, 1948 and that the $1,000.00 cash bond "heretofore deposited by the plaintiff shall apply to the temporary injunction as heretofore issued and also the temporary injunction as modified." Notice of the terms of this order was served upon all the defendants but Julia P. Hupman. On July 28th, 1948, it appears by entry of the court that the defendants-appellants herein were guilty of contempt in violating the temporary injunction of June 10th, 1948, and modification of June 16th, 1948, and the court on its own motion further modified and supplemented the temporary injunction to restrain nine individuals, among whom are the five defendants-appellants herein, from engaging in any picketing activities whatever at the plant or premises of the Univis Lens Company and from assisting in, or cooperating with, any such picketing activities, even to the extent such picketing is permitted under the court's temporary injunction as modified on June 16th, 1948. The entry further recited that the $1,000.00 cash bond shall further apply to the temporary injunction heretofore in effect and also to the modification made on the court's order.

It is the contention of appellants that the order upon which they were tried and sentenced was void because of the failure of the trial judge to observe the terms of §11891 and 11882 GC.

**Sec. 11891 GC,** treating of motions to vacate or modify an injunction, defines the proceedings when a party applies to the court for vacation or modification of an injunction. The charges upon which the defendants were convicted were upon the order as modified upon the court's own motion and not upon the motion of a party. However, it would be inappropriate for the court to hear and condemn defendants upon a charge of a violation of a restraining order of which they had no notice or knowledge. But it is manifest that they had notice of the modification because it is recited in the entry that it was made contemporaneously with an adjudication of their contempt in failing to observe a former modification order. Further, the affidavit supporting the charges upon which defendants were eventually convicted avers knowledge on the part of the defendants of the terms of the order and their presence in court with counsel, without any suggestion to the contrary, is convincing that they did have such knowledge.

Manifestly, the Common Pleas Court, a court of general jurisdiction, had authority to issue any and all of the three temporary injunctions. These orders were made in the exercise of that general jurisdiction.

**Sec. 11882 GC** provides for bond in cases of injunction and that a deposit may be made in lieu of bond. The court originally fixed a $1,000.00 deposit in lieu of bond and thereafter on the successive orders specifically provided that this deposit in lieu of bond should serve the purpose of a bond in both modifications. The deposit was required in one and the same action. It is evident that the court felt that $1,000.00 deposit was sufficient to meet any probable liability on the part of the plaintiff by reason of the issuance of the original and succeeding orders. Upon the terms of the entries journalizing the orders there is no doubt that the plaintiff was made liable for any damages resulting from the improper issuance of any one of the three orders.

The only possible objection that could have been made to the failure of the court, either to fix separate bonds or increase the amount of the deposits, was that such procedure was irregular or that the amount of the deposit in lieu of the bond was inadequate. Such irregularity did not affect the jurisdiction of the court to act as it did and if it is to be made the basis of this error proceeding, must have been called to the attention of the trial judge. **Sec. 11576 GC, paragraphs 1 and 8, and §11576-1 GC.**

The third and fourth assignments of error are: "Passion and prejudice on the part of the lower court, preventing defendants from having a fair trial", and that "The sentences of the court were excessive, motivated by passion and prejudice." There is no support whatever for these claims. The court was tolerant to a marked degree, which fact was recognized in open court by counsel for defendants.

The fifth assignment is "Other errors of law occurring at the trial." This assignment is not urged in the brief. We find no assignment which is presented well made.

No good purpose would be served in protracting this opinion or in citing and discussing the many cases which are germane to some aspects of this proceeding because there is no close question of law involved. The specific proof of the charges made against the defendants was forthcoming from several witnesses and in the face of this proof defendants did not take the stand either to deny the charges or to refute the testimony of the witnesses. Defendants were given a fair, considerate and impartial hearing and no error intervened to their prejudice.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.